## John H. Biery, Plff. in Err., v. Daniel App.

---

## L. W. Reinhard, Plff. in Err., v. Daniel App.

In an action upon an instrument in writing, which, if executed at the time of its date, would be invalid for want of an internal revenue stamp, it is competent to prove that it was not executed at that time, but at a subsequent time when no stamp was required.

If there is nothing in the body of a written obligation indicating by whom or by how many persons it is to be signed, the mere fact that signatures are not opposite all the scrolls for seals does not necessarily impair the validity of the bond.

(Decided March 8, 1886.)

Errors to the Common Pleas of Lehigh County to review judgments for plaintiff in actions of covenant. Affirmed.

The facts of the case as given on behalf of the plaintiff Biery are as follows:

This is an action of covenant brought on an instrument in

---

NOTE.—The date of the execution of a deed as expressed therein raises a presumption of its execution upon that date. Cover v. Manaway, 115 Pa. 338, 2 Am. St. Rep. 552, 8 Atl. 393. But parol evidence is admissible to show that the time is not correctly set forth. Hall v. Benner, 1 Penr. & W. 402, 21 Am. Dec. 394. Execution is upon the party who claims thereunder. Geiss v. Odenheimer, 4 Yeates, 278, 2 Am. Dec. 407.

For the effect on the admissibility of the deed in evidence of the failure to stamp a deed as required by the act of Congress of June 30th, 1864, see Tripp v. Bishop, 56 Pa. 424.

writing, under seal, dated August 25, 1870. The action was brought by Daniel App against John H. Biery, to recover contribution for money which Daniel App had expended in a lawsuit against him.

The defendant contended that he was not liable on the instrument: First, because it was not stamped by affixing an internal revenue stamp to the paper; second, because the paper was never completed, inasmuch as it was never signed by all the persons who were to sign it; and, third, because Daniel App was guilty of gross negligence in not getting the signatures of those men which he agreed to get to the paper.

Two men, Moses Wieand and George Gorr, were the owners of letters patent on a machine called a stump extractor. The patent was issued October 16, 1868. Daniel App was the owner of one of those machines. John H. Biery, the defendant below, and Lewis H. Reinhard, also owned a machine jointly. Similar machines were owned by quite a number of persons in Lehigh county.

After Wieand & Gorr had obtained their patent, they claimed $10 from each party having one of those machines. A general spirit of resistance was shown by all having machines, against paying anything, on the ground that the principles of the machine had been in general use for many years before these letters patent were granted.

Upon the suggestion of several persons owning some of these machines, it was agreed that a compact be formed by the different owners of these machines, living in Lehigh county, for the purpose of meeting the expenses in contesting the validity of this patent right, in the event any one or more of them should be sued by Wieand & Gorr.

To carry this suggestion into effect John H. Biery, defendant below, and Lewis H. Reinhard, called on Jas. S. Biery, an attorney at Allentown, Pennsylvania, and got him to write the paper in question. On the 25th day of August, 1870, the names of John H. Biery and L. Reinhard were signed at the foot of this paper, which closes as follows: In witness whereof we have hereunto set our hands and seals, the dates set opposite our respective names, A. D. 1870.

At the same time when the names of J. H. Biery and L. H. Reinhard were written to the paper, the date "August 25" was

also written under the column of dates, to the left of, and oppo-
site, the name of J. H. Biery, the defendant below.

On the same day the paper was taken to Daniel App, who also
signed it and agreed that he would go around and secure the
signatures of a number of parties having stump extractors,
among which were mentioned the names of Henry Riegel, F. T.
Jobst, John H. Lichtenwalner, Jacob Sterner, William Gehman,
a Mr. Erdman, one of Mr. App's neighbors, Tilghman Kline,
Martin Ritter, George Moyer, Stephen Berner, and some others.

Instead of seeing those men and securing their signatures to
the paper, as he agreed to do, he saw only two men, John Snyder
and Moses Heberly, both of whom now seem to be insolvent;
and he never tried to get any more signatures on the paper until
five or six years afterwards, after he had been sued in the United
States circuit court, at Philadelphia. J. H. Biery and L. H.
Reinhard did not know what had become of the paper, and never
saw it again until it was shown in court on the trial of this issue.

In the spring of 1875, Wieand & Gorr filed their bill in the
United States circuit court, at Philadelphia, to enjoin Daniel
App from using his machine. He employed counsel at Phila-
delphia and contested the action, but, his evidence failing him,
he finally compromised the contest for a small amount, and took
a written license from Wieand & Gorr to use the machine on his
own land and that of his son.

During all this time Mr. App never made any demand upon
any of the parties whose names appear upon the paper, for con-
tribution towards his expenses, and only brought this action in
1879.

The court admitted the paper in evidence under objection by
the defendant below, and then submitted the question to the jury
whether it was properly in evidence or not, and instructed the
jury that, if they found it properly in evidence, the plaintiff
was entitled to their verdict.

The court also instructed the jury that the paper was binding
upon all who signed it, and said there was no evidence to
show that it was not to be binding unless certain other persons
signed it.

The court also instructed the jury that, if they found that
Snyder and Heberly were insolvent, then the defendant was
liable to contribute one third of the expenses proved.

The jury returned a verdict for plaintiff, and the defendant brought error.

The other case depends on the same facts, and the argument in the two cases was substantially the same.

*James S. Biery,* for plaintiff in error.—By the act of July 13, 1866, amendatory of the act of June 30, 1864, it was provided: "That hereafter, no deed, instrument, document, writing, or paper required by law to be stamped, which has been signed or issued without being duly stamped or with a deficient stamp, nor any copy thereof, shall be received or admitted or used in evidence in any court, until a legal stamp or stamps, denoting the amount of the tax, shall have been affixed thereto as prescribed by law." U. S. Laws 1866, pp. 303, 304; U. S. Laws 1864, p. 148.

Unstamped instruments, falling within the provisions of the acts of Congress, are disqualified as matters of evidence. Chartiers & R. Turnp. Co. v. McNamara, 72 Pa. 278, 13 Am. Rep. 673; Long v. Spencer, 78 Pa. 303; Tripp v. Bishop, 56 Pa. 424.

AGNEW, Ch. J., in Miller v. Wentworth, 82 Pa. 288, in speaking of an unstamped deed, says: "In the hands of the delinquent, no use can be made of it as evidence until he pays the tax." See also the case of Larch v. Snyder, 112 Pa. 161, 2 Cent. Rep. 538, 4 Atl. 336.

The repeal of the acts was not to remove disabilities or forfeitures already incurred. Unless the instrument in this suit was signed after October 1, 1872, it was clearly disqualified from being received in evidence, and its admission must be held as error.

In Martin v. Berens, 67 Pa. 460, it was held that "parol evidence is admitted to show fraud, accident, or mistake as to a written instrument, but the evidence should be of what occurred at the execution, and should be clear, precise, and indubitable." And the court says further in that case: "Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be, not only the best, but the only, evidence of their agreement; and we are not disposed to relax the rule." Martin v. Berens, 67 Pa. 463. See also Stine v. Sherk, 1 Watts & S. 195, and Miller v. Smith, 33 Pa. 386.

As a general rule, it is inadmissible to contradict or vary the terms of a written instrument. Martin v. Berens, 67 Pa. 463; Hain v. Kalbach, 14 Serg. & R. 159, 16 Am. Dec. 484; Barnhart v. Riddle, 29 Pa. 92; Miller v. Fichthorn, 31 Pa. 252; Harbold v. Kuster, 44 Pa. 392; Lloyd v. Farrell, 48 Pa. 73, 86 Am. Dec. 563; Anspach v. Bast, 52 Pa. 356.

To ascertain the proper date of this instrument, so far as the signature of John H. Biery was concerned, was a matter of construction to be placed on the paper in the absence of all ambiguity, either latent or patent, and, in absence of fraud, accident, or mistake, it was the duty of the court, and not that of the jury, to construe it.

Where a contract of subscription in writing is entered into by several parties, the construction of such contract is for the court, and not for the jury. Nellis v. Coleman, 98 Pa. 465.

Where there is no evidence of fraud or mistake, it is error in the court to submit to the jury to find, upon parol evidence, whether the written instrument sued upon truly expresses the contract between the parties. Albert v. Ziegler, 29 Pa. 50.

The construction of a written instrument is exclusively within the province of the court. Bryant v. Hagerty, 87 Pa. 256.

In Gass's Appeal, 73 Pa. 46, 13 Am. Rep. 726, the court says: "It is the duty of courts to interpret the language of written instruments." See also Beatty v. Lycoming County Ins. Co. 52 Pa. 457; Hays v. Hays, 6 Pa. 368; Reaney v. Culbertson, 21 Pa. 507; Keener v. Crago, 81* Pa. 166.

This is the case of an instrument not executed in full, but executed by some of the parties on the condition that it should be executed by others. Rinesmith v. People's Freight R. Co. 90 Pa. 262; Fertig v. Bucher, 3 Pa. St. 308; Miller v. Stem, 98 Pa. 383.

In Nellis v. Coleman, 12 Pa. 466, it was held that "where, in a contract of subscription by several, there is no agreement between the various subscribers to pay, or to guarantee the payment of, each other's loans, and afterwards one subscriber fails to advance the amount which he has agreed to loan, another subscriber, who has paid his subscription, cannot, upon obtaining judgment against the borrower thereof, compel the delinquent promisor, as garnishee in an attachment execution, to pay what he has promised to loan."

*R. E. Wright's Sons,* for defendant in error.—It is contended

by plaintiff in error that, as there were two more seals to the paper than signatures, it was not a completed contract. There is nothing in the paper itself to show whether two or twenty were to sign. The cases of Warfel v. Frantz, 76 Pa. 88; Grim v. Jackson Twp. 51 Pa. 219, and the cases cited by him are direct authority against the position.

According to the rule in equity, where one surety pays the whole debt and sues the others for contribution, insolvent sureties are to be excluded from the count in fixing the proportion recoverable. Chitty, Contr. 11th Am. ed. 787.

Codebtors or cosureties who are compelled to pay the debt may recover contribution from their codebtors or cosureties. Insolvents are to be excluded from the count. See Wharton, Contr. § 765.

While at law a surety can recover from his cosurety only that cosurety's aliquot part calculated upon the whole number, without reference to the insolvency of others of the cosureties, in equity it is otherwise. Parsons, Contr. p. 35; Story, Contr. § 885.

And in a state where there are no courts of equity it was held that the surety who paid the whole debt might at law recover contribution based on the number of solvent sureties, excluding insolvents. Brandt, Suretyship, § 252; Henderson v. McDuffee, 5 N. H. 38, 20 Am. Dec. 557. See also Mosier's Appeal, 56 Pa. 78, 93 Am. Dec. 783, and Hess's Estate, 69 Pa. 275.

Per Curiam:

These two cases were argued together. They present the same question. The first assignment of error is to the omission of a stamp to the obligation, under the act of Congress. It was, however, competent to prove that the instrument was not actually executed on the day of its date.

The evidence as to the time of its execution was conflicting; yet the jury has found as a fact that the execution was long after its date and at a time when, under the law, no stamp was required.

There is nothing in the body of the obligation indicating by whom or by how many persons it was to be signed. Under the other evidence, the mere fact that signatures were not opposite all the scrolls for seals cannot impair the validity of the bond.

Judgment in each case affirmed.